# IN THE SUPREME COURT OF TEXAS

No. 17-0888

CARL OWENS, JR., CONNIE OWENS, MICHAEL TERRY,
AND SANDI TERRY, PETITIONERS

v.

THE CITY OF TYLER, TEXAS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

**PER CURIAM**

The City of Tyler built Lake Tyler in 1946 and leased lakefront lots to residents. The Owens, Terry, and Chatelain families lease three contiguous lots on the lake pursuant to lease agreements with the city. The Chatelains decided to build a new pier and boathouse extending from their lot onto the water. They asked the city for a building permit. The Owens and Terry families objected. After some attempts at compromise, the city approved the Chatelains' request for a permit.

The Owens and Terry families sued the city and the Chatelains, seeking to block the construction. They alleged several causes of action, including breach of contract. The city filed a plea to the jurisdiction asserting governmental immunity. The trial court denied the plea. The city took an interlocutory appeal pursuant to TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). Relying primarily on *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427 (Tex. 2016) (*Wasson*

*I*), the court of appeals concluded that the claims against the city were barred by governmental immunity because they arose from the city's governmental (rather than proprietary) acts. The court of appeals reversed the denial of the city's plea to the jurisdiction, rendered judgment dismissing the claims against the city, and remanded the case for further proceedings. ___ S.W.3d ___, ___ (Tex. App.—Tyler 2017) (mem. op.). The plaintiffs petitioned for review.

After the court of appeals issued its decision, this Court decided *Wasson Interests, Ltd. v. City of Jacksonville*, 559 S.W.3d 142 (Tex. 2018) (*Wasson II*). In *Wasson II*, we stated:

> to determine whether governmental immunity applies to a breach-of-contract claim against a municipality, the proper inquiry is whether the municipality was engaged in a governmental or proprietary function when it entered the contract, not when it allegedly breached that contract. Stated differently, the focus belongs on the nature of the contract, not the nature of the breach. If a municipality contracts in its proprietary capacity but later breaches that contract for governmental reasons, immunity does not apply.

*Wasson II* at 149. By no fault of its own, the court of appeals did not conduct the inquiry described above, under which the city's immunity from a breach of contract claim depends on "the nature of the contract, not the nature of the breach." *Id*. To afford the court of appeals the opportunity to re-conduct its review in accordance with our intervening decision in *Wasson II*, we remand this case to the court of appeals without hearing oral argument. TEX. R. APP. P. 59.1; *see, e.g.*, *Bossier Chrysler-Dodge II, Inc. v. Rauschenberg*, 238 S.W.3d 376 (Tex. 2007) (per curiam).

The petition for review is granted, the judgment of the court of appeals is vacated, and the case is remanded to the court of appeals for further consideration in light of *Wasson II*.


**OPINION DELIVERED:** December 21, 2018

2